IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02698-BNB

AHMED ABDEL SATTAR,

    Plaintiff,

v.

ALBERTO GONZALES, Attorney General of the United States,
JOHN DOES, FBI Agents,
R. WILEY, ADX Warden,
MICHAEL K. NALLEY, Regional Director,
HARREL WATTS, Administrator, and
NATIONAL INMATE APPEAL[S],

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 3 1 2008

GREGORY C. LANGHAM
                CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Ahmed Abdel Sattar, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the United States Penitentiary, Administrative Maximum (ADX), in Florence, Colorado. He submitted to the Court **pro se** a civil rights complaint pursuant **Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics**, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 (1993) seeking injunctive and declaratory relief and money damages.

The Court must construe the complaint liberally because Mr. Sattar is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the **pro se** litigant's advocate. **Hall**, 935 F.2d at 1110. Under **Bivens**, a plaintiff must allege that the defendants have violated his or her rights under the United States

Constitution while the defendants acted under color of federal law. For the reasons stated below, Mr. Sattar will be directed to file an amended complaint.

Mr. Sattar alleges that he is serving a twenty-four-year sentence for his conviction in federal court in the Southern District of New York on charges of conspiracy to defraud the United States government, conspiracy to murder in a foreign country, and solicitation of a crime of violence. He further alleges that on February 2, 2006, he was transferred from a New York federal prison to ADX, where he was subject for the first time to special administrative measures (SAM) he contends deprive him of the rights and privileges he previously enjoyed in federal prison. He also asserts that the SAM restrictions were renewed on January 23, 2007. On the basis of these facts, he asserts five claims, each alleging different violations of his constitutional rights generally based upon the same facts. He fails to provide the Court with the address of each named defendant.

Mr. Sattar's complaint is verbose and unnecessarily repeats the similar allegations. The amended complaint Mr. Sattar will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767

F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

In order for Mr. Sattar "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1164 (10th Cir. 2007).

Mr. Sattar also must allege exactly what each defendant did to violate his constitutional rights, and he must allege which constitutional rights were violated. Personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) *Id.* Mr. Sattar must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053,

1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Mr. Sattar also must provide the address of each named defendant.

Mr. Sattar may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Sattar uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

Mr. Sattar may not sue the BOP's National Inmate Appeals in a *Bivens* action. The United States, as sovereign, is immune from suit unless it expressly consents to be sued. *United States v. Testan*, 424 U.S. 392, 399 (1976); *Bivens*, 403 U.S. at 410; *Ascot Dinner Theatre, Ltd. v. Small Business Admin.*, 887 F.2d 1024, 1027 (10th Cir. 1989). The United States is immune from a *Bivens* claim for money damages. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Chapoose v. Hodel*, 831 F.2d 931, 935 (10th Cir. 1987). Accordingly, it is

ORDERED that Plaintiff, Ahmed Abdel Sattar, file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Sattar, together with a copy of this order, two copies of the following form for use in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Sattar submit sufficient copies of the amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Sattar fails to file an original and sufficient copies of an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED January 31, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02698-BNB

Ahmed Abdel Sattar
Reg. No. 53506-054
ADX – Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 1/31/08

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk