IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02698-WDM-KLM

AHMED ABDEL SATTAR,

    Plaintiff,

v.

ALBERTO GONZALES,
HARLEY LAPPIN,
HARREL WATTS,
RONALD WILEY, and
UNKNOWN FBI AGENTS 1-5,

    Defendants.

_____

# ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Unopposed Motion to Stay Discovery Pending Resolution of Motion to Dismiss** [Docket No. 58; Filed September 15, 2008] (the "Motion"). The Court has reviewed the Motion, the entire case file and applicable case law and is sufficiently advised in the premises. Accordingly, IT IS HEREBY **ORDERED** that the Motion is **GRANTED**, as set forth below.

Defendants request, and Plaintiff apparently does not oppose, that this Court stay discovery pending a ruling on Defendants' Motion to Dismiss [Docket No. 25; Filed May 19, 2008]. *Motion* [#58] at 1. Although a stay of discovery is generally disfavored in this jurisdiction, the Court has broad discretion to stay an action while a Motion to Dismiss is pending pursuant to Fed. R. Civ. P. 26(c). *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *2 (D.Colo. Mar. 30, 2006).

In weighing the factors set forth for determining the propriety of a stay, the Court finds that a stay is appropriate here. *Id.* First, the Court balances the Plaintiff's desire to proceed expeditiously with his case against the burden on Defendants of proceeding forward. *Id.* Defendants have filed a Motion to Dismiss asserting, *inter alia*, that the Court lacks subject matter jurisdiction as Defendants are entitled to sovereign immunity and that the Complaint fails to state claim for which relief may be granted. Defendants have done more than offer conclusory assertions that jurisdiction is lacking – they have filed a Motion to Dismiss supported by legal analysis.[1] In such a circumstance, the Court determines that the burden on Defendants of going forward with discovery outweighs the desire of Plaintiff to have his case proceed expeditiously. *See id.* (finding "that subjecting a party to discovery when a motion to dismiss . . . is pending may subject him to undue burden and expense, particularly if the motion to dismiss is later granted"). The Court also notes that Defendants' Motion to Stay indicates that Plaintiff does not oppose the stay of his case pending resolution of the Motion to Dismiss. *Motion to Stay* [#58] at 1.

The Court also considers its own convenience, the interest of non-parties, and the public interest in general. None of these factors prompt the Court to reach a different result. In fact, the Court notes that neither its nor the parties' time is well-served by being involved in the "struggle over the substance of the suit" when, as here, a dispositive motion is pending. *Democratic Rep. of Congo v. FG Hemisphere Assocs., LLC*, 2007 WL 4165397, at *2 (D.C.Cir. Nov. 27, 2007) (unpublished decision) (noting that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation); *see*

---

[1]At this time, the Court takes no position as to whether Defendants' Motion to Dismiss should be granted, but merely notes that it appears that the Motion is based upon more than idle speculation.

*also Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" (citations omitted)).  Likewise, the imposition of a stay pending a decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for discovery." *Chavous*, 201 F.R.D at 5.  Finally, there are no compelling nonparty or public interests triggered by the facts at issue.

Accordingly, IT IS HEREBY **ORDERED** that the Motion to Stay is **GRANTED**.  The case is **STAYED**, until such time as the Court rules on Defendants' Motion to Dismiss [Docket No. 25; Filed May 19, 2008].

BY THE COURT:

\_\_s/ Kristen L. Mix_____

United States Magistrate Judge

Dated:  September 17, 2008