IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 07-cv-02698-WDM-KLM

AHMED ABDEL SATTAR,

    Plaintiff,

v.

ALBERTO GONZALES, *et al.*,

    Defendants.

## ORDER ON APPEAL OF MAGISTRATE JUDGE DECISION

Miller, J.

    This matter is before me on Plaintiff's objection (Docket No. 41) to Magistrate Judge Kristen L. Mix order (Docket No. 38) denying Plaintiff's Motion for the Appointment of Counsel (Docket No. 36). After a review of the pleadings and Plaintiff's written arguments, I conclude oral argument is not required. I must construe Plaintiff's pleadings liberally and hold him to a "less stringent standard" because he is proceeding *pro se*. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972))).

### Standard of Review

    With respect to non-dispositive matters, the Federal Rules of Civil Procedure provide that I may "modify or set aside any part of the [magistrate judge's] order that

is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1) (providing that a district court may reconsider any pretrial matter if the magistrate judge's order is "clearly erroneous or contrary to law."). "The clearly erroneous standard . . . requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" See *Ocelot Oil Corp. v. Sparrow Indus*, 847 F.2d 1458, 1464 (10th Cir. 1988) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Discussion

28 U.S.C. § 1915(e)(1) does not authorize appointment of counsel that the court pays for, but provides that the court may "request an attorney to represent any person unable to afford counsel." The district court has discretion in determining whether appointment of counsel is warranted. See *Engberg v. Wyoming*, 265 F.3d 1109, 1112 (10th Cir. 2001) ("The decision to appoint counsel is left to the sound discretion of the district court." (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991))). In determining whether the request an attorney to represent a party, the district court should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams*, 926 F.2d at 996). Furthermore, the court should consider any special circumstances such as those found in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the plaintiff "was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory

lapses, and had general difficulty in communication." *Rucks*, 57 F.3d at 979.

In this case, Magistrate Judge Mix denied Plaintiff's Motion for Appointment of Counsel, concluding that Plaintiff had demonstrated his ability to frame facts and state claims; that the legal issues were not overly complex, novel, or difficult to state or analyze; and that Plaintiff's incarceration "is a normal, not a special, circumstance to consider in determining whether to seek volunteer counsel." (Docket No. 38 at 2.) Plaintiff presents no valid reason why this conclusion was clearly erroneous or contrary to law. I agree with Magistrate Judge Mix that Plaintiff has demonstrated his ability to pursue these claims and that the issues presented by the case are not overly complex so as to necessitate volunteer counsel. I further note that Plaintiff is privy to all of the factual issues raised by the case as they all surround his treatment and restrictions at ADX. Finally, I agree with Magistrate Judge Mix that Plaintiff's incarceration at ADX does not constitute a special circumstance warranting appointment of volunteer counsel. Although Plaintiff argues that the case is "impossible to litigate . . . with out [sic] out side [sic] help because of it is [sic] complexity and he is "in total segregation with extermely [sic] limited access to the ADX main law library", the
history of this case and Plaintiff's pleadings thus far belie these assertions. Indeed, Plaintiff has demonstrated his ability to adequately and fully litigate his claims as he has filed numerous pleadings including a complaint, an amended complaint, a response to the motion to dismiss, and an objection to the recommendation that are all both comprehensive and coherent. Therefore, as Magistrate Judge Mix

appropriately considered the *Rucks* factors and the circumstances of this case, I cannot say that her decision to deny Plaintiff's motion to appoint counsel was clearly erroneous or contrary to law.

However, given the nature of the claims in this case and Plaintiff's difficulties and delays in communicating with potential volunteer counsel, I conclude that it would be prudent to request the Clerk of Court to canvass appropriate counsel to determine their willingness to represent Plaintiff on a volunteer basis. I do advise, however, that this is not "appointment" of counsel in the true sense as this Court cannot force an attorney to undertake representation. Rather, it is an attempt by the Court to secure an attorney who is willing to volunteer his or her services on Plaintiff's behalf. Furthermore, I advise Plaintiff that unless and until an attorney volunteers to appear as counsel for Plaintiff in this case, he must continue to advocate on his own behalf.

Accordingly, it is ordered that:

1. Plaintiff's "Appeal to the Order Denying Motion for Appointment of Counsel by Magistrate Judge Kristen L. Mix" (Docket No. 41) is denied.

2. The Clerk of Court shall canvass *pro bono* panel to determine whether any qualified attorney is willing to accept appointment on behalf of Plaintiff in this case. If an attorney agrees to undertake volunteer representation or, if upon a canvassing the entire eligible panel, no attorney has expressed a willingness to accept appointment, the Clerk of Court shall promptly file and serve on all parties notice to that effect. Unless and until a volunteer attorney enters an

appearance on behalf of Plaintiff, the case shall continue in the ordinary course with Plaintiff continuing to represent himself and remaining personally obligated to comply with all procedures and deadlines established in this case.

DATED at Denver, Colorado, on March 10, 2009.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge