IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02698-WDM-KLM

AHMED ABDEL SATTAR,

    Plaintiff,

v.

ALBERTO GONZALES,
HARLEY LAPPIN,
HARREL WATTS,
RONALD WILEY, and
UNKNOWN FBI AGENTS 1-5,

    Defendants.

---

## ORDER

### ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX

This matter is before the Court on **Defendants' Motion for Entry of Protective Order** [Docket No. 86; Filed June 2, 2009] (the "Motion"). Pursuant to the Motion, Defendants seek the entry of a protective order relating to documents protected by the Privacy Act of 1974, and exempted from production by the Freedom of Information Act, which involve issues of prison security and law enforcement techniques or investigations, and which contain information that could impact national security. *Motion* [#86] at 2. Defendants do not seek an order preventing the disclosure of these documents. Rather, they seek an order which protects Plaintiff from disclosing these documents, or material he generates therefrom, to persons other than the parties to the litigation.

Plaintiff filed a response in opposition to the Motion on June 25, 2009 [Docket No. 92]. Specifically, he argues that the protective order is "not necessary," "very broad," and

that each document should be subject to *in camera* review. *Response* [#92] at 2, 3. In response to Plaintiff's concerns, Defendants filed a Reply and argue that entry of a protective order will allow Defendants to produce a significant number of responsive documents without seeking further intervention from this Court and minimize the expenditure of judicial resources in resolving discovery disputes. *Reply* [#93] at 2, 3.

Having fully considered the parties' arguments, I find that Plaintiff has failed to articulate a compelling justification for his opposition to entry of the proposed protective order. Given the valid security and privacy concerns articulated by Defendants, the unfettered right of access is sufficiently in doubt. *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997) (holding that where public's interest in access to court documents is outweighed by interests which support nondisclosure, documents should be protected). Moreover, neither the Court's nor the parties' time is well served by resolving discovery disputes about the propriety of the production of these documents to Plaintiff. *Gillard v. Boulder Valley Sch. Dist.*, 196 F.R.D. 382, 386 (D. Colo. 2000). Defendants aver, and I agree, that without a protective order, the number of discovery disputes related to confidentiality will prolong the discovery process and delay Plaintiff's receipt of these documents.

Finally, I note that the documents which are the subject of the proposed protective order will be produced in discovery. Discovery is not generally filed with the Court or otherwise available for public view. It is only when the parties seek to attach a confidential document to a Court pleading that the public would ordinarily have access. *See, e.g., Mrs. Colo.-Am., Inc. v. Mrs. Colo. United States Pageant*, No. 05-cv-02660-MSK-MEH, 2007 WL 1245565 at *1 (D. Colo. Apr. 30, 2007) (unpublished decision). The proposed protective

order addresses this issue by requiring that the documents marked as confidential be filed under seal. Pursuant to D.C. Colo. L. Civ. R. 7.2, parties must seek permission to file a document under seal. If the Court does not find that compelling reasons exist for shielding the document from public view, the document will not remain sealed. In addition to the safeguards for Plaintiff to object set forth in the proposed protective order, Plaintiff and the public will have an opportunity to object to the unnecessary sealing of any filed document which has been characterized as confidential by Defendants. D.C. Colo. L. Civ. R. 7.2(E).

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**.

IT IS FURTHER **ORDERED** that the Protective Order is **accepted** for filing and is entered as an Order of the Court as of the date of this Order, with the following modification: No party or other person shall disclose documents and materials marked "confidential" to anyone other than his/her attorney(s), if any, and/or the Court.

Dated: July 20, 2009

> BY THE COURT:
> s/ Kristen L. Mix
> U.S. Magistrate Judge
> Kristen L. Mix