IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02698-WDM-KLM

AHMED ABDEL SATTAR,

    Plaintiff,

v.

ALBERTO GONZALES,
HARLEY LAPPIN,
HARREL WATTS,
RONALD WILEY, and
UNKNOWN FBI AGENTS 1-5,

    Defendants.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Motion for Access to Rebuttal Expert Witness** [Docket No. 105; Filed December 3, 2009] (the "Motion"). The Court has reviewed the Motion, Defendants' Responses [Docket No. 111, 122], and Plaintiff's Reply [Docket No. 124], the entire case file, and the applicable law and is sufficiently advised in the premises. For the reasons stated below, the Motion is **DENIED**.

**I.  Background**

Plaintiff is incarcerated at the Administrative Maximum Prison ("ADX") in Florence, Colorado. On February 29, 2008, Plaintiff filed a *pro se* amended prisoner complaint pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff alleged that, beginning in February 2006, the

Attorney General found "a substantial risk that the [Plaintiff's] communications or contacts with other persons could result in death or serious bodily injury to persons," and directed that Plaintiff be placed under certain "Special Administrative Measures" ("SAMs").  *See* 28 C.F.R. § 501.3(c).  Plaintiff alleged that his mail was delayed while FBI agents reviewed it, that he was prohibited from communicating with family members in Egypt and with any non-immediate family members, that he was denied access to various newspapers and magazines, that his contacts with lawyers were restricted, that he was not allowed to participate in Muslim group prayer, that he was denied access to television and radio stations, and that he was not permitted to talk to other inmates.  *Amended Complaint* [#8] at 4-10.

Plaintiff asserted claims for violations of his rights to free speech pursuant to the First Amendment, to due process pursuant to the Fifth Amendment, to be free from unreasonable searches pursuant to the Fourth Amendment, to solicit legal assistance pursuant to the Sixth Amendment, and to be free from cruel and unusual punishment pursuant to the Eighth Amendment.  *Id.* at 18.  On November 3, 2008, the Court dismissed all the claims against Defendants, except for the First Amendment and Due Process claims. [#63].

In response to Plaintiff's First Amendment claim, Defendants designated an expert who will allegedly state that group prayer is not required by Islam.  *Supplemental Response* [#122] at 3.  Thereafter, Plaintiff designated a rebuttal "Islamic expert."  *Motion* [#105] at 2.  Plaintiff requests a modification of his SAMS so that he will be allowed to communicate with his proposed rebuttal expert.

**II.    Analysis**

### A.      Exhaustion of Administrative Remedies

Defendants assert that Plaintiff's Motion should be denied because he failed to exhaust his administrative remedies on the issue of modifying his SAMS. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, requires that an "action" regarding prison conditions must first be exhausted before a prisoner may challenge those conditions via a federal complaint. Exhaustion is mandatory under the PLRA and unexhausted claims cannot be brought in court. *Jones v. Bock*, 549 U.S. 199, 211(2007). An inmate may seek review of any SAMS restrictions through the administrative remedy process detailed in 28 C.F.R. § 542. *See* 28 C.F.R. § 501.3(e). A plaintiff must exhaust his administrative remedies before challenging SAMs in federal court. *Yousef v. Reno*, 254 F.3d 1214, 1221 (10th Cir. 2001).

Plaintiff does not dispute the fact that he has not exhausted his available remedies regarding access to a rebuttal expert. Instead, he argues that exhaustion does not apply to the subject matter of his motion. *Reply* [#124] at 5. He cites *Ayyad v. Gonzales*, No. 05-cv-02342-WYD-MJW, 2008 WL 2955964 (D. Colo. July 31, 2008) and *United States v. Hashmi*, 621 F.Supp.2d 76 (S.D.N.Y. 2008) for the proposition that his motion is not subject to the exhaustion requirement of the PLRA. The issue addressed in both cases was whether an inmate's motion was an "action" within the meaning of the PLRA.

In *Ayyad*, student attorneys for the inmate sought a preliminary injunction to allow them clearance under SAMs in order to confer with their client. *Ayyad*, 2008 WL 2955964 at *1. The inmate in *Hashmi* alleged that the SAMs were interfering with his right to participate in his own defense and to confer with counsel. 621 F.Supp. 2d at 84. Both motions involved the ability of the inmate to effectively pursue already existing litigation on

his claims. Each court ruled that the motion was not an "action" and thus did not need to be exhausted before presented to the court. *Ayyad,* 2008 WL 2955964, at *2; *Hashmi*, 621 F.S. 2d at 86.

The purpose of the exhaustion requirement is "to reduce the quantity and improve the quality of prisoner suits" by (1) allowing prison officials the opportunity to address an inmate's complaint; (2) filtering out frivolous lawsuits; and (3) creating an administrative record to facilitate the litigation process. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). The requirement affords prison officials "the opportunity to take some corrective action that would preclude litigation." *Beaudry v. Corrections Corp. of America*, 331 F.3d 1164, 1167 (10th Cir. 2003). That purpose would not be served here. The initiation of a new lawsuit or claim is different from "an application for a specific ruling or order ... in the context of an already pending action." *Hashmi*, at *7; *see Ayyad*, at *2 n. 2 (noting exhaustion's inapplicability to "motion filed by plaintiff once the case was already filed."). Moreover, to the extent Plaintiff's Motion raises issues related to his right of access to the court, he may raise it at any time during the course of litigation. *Ayyad v. Gonzales*, No. 05-02342-WYD-MJW, 2008 WL 203420, at *3 (D. Colo. Jan. 17, 2008). Therefore, I find that Plaintiff was not required to exhaust his administrative remedies prior to filing the present Motion.

        B.    Withdrawal of Expert

In their Supplemental Response to Plaintiff's Motion, Defendants propose withdrawing the designation of their expert should the Court rule in Plaintiff's favor on the exhaustion issue. The Court will deem Defendants' suggestion as a Motion to Withdraw Expert. The Motion to Withdraw Expert is **GRANTED.**. Defendants shall not offer the testimony of an expert on Islamic practices, there is no reason for Plaintiff to have a rebuttal

expert.  Accordingly,

      IT IS HEREBY **ORDERED** that the Motion is **DENIED**.

DATED: February 23, 2010

                              BY THE COURT:

                              __s/ Kristen L. Mix_____
                               United States Magistrate Judge