IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02698-WDM-KLM

AHMED ABDEL SATTAR,

    Plaintiff,

v.

ALBERTO GONZALES,
HARLEY LAPPIN,
HARRELL WATTS,
RONALD WILEY, and
JOHN DOES, FBI Agents,

    Defendants.

## SECOND PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), and upon ~~a showing of good cause~~ the parties' stipulation in support  KLM

of the entry of this Second Protective Order to protect the production, discovery, and dissemination of confidential information and/or sensitive data or records, IT IS HEREBY ORDERED:

    1.    This Second Protective Order shall apply to all documents, materials and/or information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

    2.    As used in this Second Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Plaintiff's use of all documents, materials and/or information described in paragraph 1 of this Second Protective Order shall be limited to this litigation, and shall not be used for any purpose except the preparation and trial of this case. The protections granted by this Second Protective Order shall not be waived.

4. Plaintiff's attorneys shall not disclose documents, materials and/or information provided by Defendants to anyone except the following: (a) the Court; (b) the attorneys of record; (c) persons regularly in the employ of such attorneys; (d) any experts or consultants specifically retained for this case by the parties or their attorneys; (e) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this matter; and (f) the Plaintiff, except as restricted under paragraph 8 of this Second Protective Order. Except as to the Court, the attorneys of record and the Plaintiff, Plaintiff's attorneys may provide documents, materials and/or information to such persons only if they have signed an acknowledgment form in the form of attached Exhibit A. Plaintiff's attorneys shall require all persons permitted to have access to any disclosed records to sign Exhibit A indicating that they have read and agree to be bound by the terms of this Second Protective Order. All persons provided access to the documents, materials and/or information pursuant to this paragraph shall not use them for any purpose other than this pending litigation as set forth in Exhibit A.

5. In addition to the foregoing limitations restricting the use of all documents, materials and/or information described in paragraph 1 of this Second Protective Order, certain documents shall be marked "CONFIDENTIAL" and "CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to this Second Protective Order. Either party may designate a document as "CONFIDENTIAL" in accordance with the terms of this Second Protective Order. The "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

2

designation may be made only Defendants in accordance with the terms of this Second Protective Order. The burden of proving that a document, materials, and/or information is properly designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" is on the party seeking the designation. Prior to making such a designation, the party claiming confidentiality must make a bona fide determination that the material is, in fact, confidential or sensitive information.

6. Documents, materials and/or information that has been marked "CONFIDENTIAL" may include, but are not limited to: (a) correspondence generated by and received by Plaintiff; (b) translations of such correspondence; (c) communications between the Department of Justice, the Federal Bureau of Investigation and the Federal Bureau of Prisons regarding such correspondence; (d) documents regarding the operation of the United States Penitentiary - Administrative Maximum, Florence, Colorado ("ADX"); (e) documents that contain information that is exempt under the Freedom of Information Act; (f) documents that contain information that implicates national or institutional security; (g) documents that contain information that is law enforcement sensitive or implicates law enforcement techniques; (h) documents that concern the institutional adjustment of Plaintiff; (i) documents that contain other confidential or sensitive information; and/or (j) documents that contain information that is protected by the Privacy Act of 1974. If Defendants produce to Plaintiff a document that would otherwise be protected by the Privacy Act, this Second Protective Order is an order of the Court pursuant to 5 U.S.C. § 552a(b)(11) which allows for such production.

7. Documents, materials and/or information relating to Plaintiff shall be disclosed on YELLOW paper. Documents, materials and/or information produced on

colored paper shall be reproduced in the color in which it was originally produced.

8. Documents, materials and/or information that has been marked "CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to this Second Protective Order shall not be disclosed to or discussed with Plaintiff. These documents may include, but are not limited to: (a) letters and publications to Plaintiff that were rejected pursuant to his Special Administrative Measures ("SAMs"); (b) translations of those letters and publications which were rejected pursuant to Plaintiff's SAMs; (c) communications between the Department of Justice, the Federal Bureau of Investigation and the Federal Bureau of Prisons regarding such correspondence; (d) documents regarding the operation of the ADX; (e) documents that contain information that is exempt under the Freedom of Information Act; (f) documents that contain information that implicates national or institutional security; (g) documents that contain information that is law enforcement sensitive or implicates law enforcement techniques; (h) documents that concern the institutional adjustment of Plaintiff; (i) documents which contain other confidential or sensitive information; and/or (j) documents which contain information that is protected by the Privacy Act of 1974. If Defendants produce to Plaintiff's attorneys a document that would otherwise be protected by the Privacy Act, this Second Protective Order is an order of the Court pursuant to 5 U.S.C. § 552a(b)(11) which allows for such production.

9. If a party's attorney disagrees with any documents or portions of a deposition transcript designated as "CONFIDENTIAL," or if Plaintiff's attorneys disagree with any document or portions of a deposition transcript designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY," the objecting party will first seek an informal resolution of the dispute with the designating party in writing. The written

notice shall identify the information to which the objection is made. If the dispute cannot be informally resolved within ten (10) business days of submission of the issue, it shall be the obligation of the objecting party to seek review from the Court of the disputed designation by filing an appropriate motion with the Court. If any motion filed by Plaintiff pursuant to this paragraph contains information derived from documents produced to Plaintiff pursuant to this Second Protective Order, Plaintiff shall file the motion under seal. Prior to obtaining leave of Court (or from the designating party), portions of any filings that contain documents marked "CONFIDENTIAL" and "CONFIDENTIAL - ATTORNEYS' EYES ONLY," may not be filed publicly, but must be filed under seal pursuant to D.C.COLO.LCivR 7.2.

10. In an effort to avoid any inadvertent disclosure of sensitive information, all documents that have been designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to this Second Protective Order, if attached to a public filing, will be filed under seal. Additionally, Plaintiff's attorneys shall submit under seal any other filings, including without limitation substantive motions and briefs, if such filings contain information derived from documents produced to them under this Second Protective Order that have been designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY." In accordance with D.C.COLO.LCivR 7.2, either contemporaneously or within 14 days of the filing of the sealed pleading or document, either party may file a motion to seal the sealed pleading or document.

11. Whenever a deposition references information marked "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," the deposition or portions thereof shall be designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY." Such designation shall be made on the record during the deposition whenever

possible, but a party may designate a deposition or portions thereof as "CONFIDENTIAL," or Defendants may designate a deposition or portions thereof as "CONFIDENTIAL - ATTORNEYS' EYES ONLY," after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

12. Plaintiff's attorneys shall not disclose documents, materials and/or information provided in connection with this litigation, or information contained therein, except as permitted by court order, as permitted by the terms of Exhibit A, or as consented to by Defendants' counsel.

13. Within thirty (30) days after the final termination of this litigation, Plaintiff's attorneys shall either return to counsel for Defendants or destroy all documents, materials and/or information produced to Plaintiff's attorneys pursuant to this Second Protective Order. Plaintiff's attorneys shall provide, within sixty (60) days after the termination of this litigation, a written certification to counsel for Defendants affirming that any documents, materials and/or information produced to Plaintiff's attorneys pursuant to this Second Protective Order have been destroyed or returned to counsel for Defendants. To effect disposal of electronically-stored information, Plaintiff's attorneys shall provide, within sixty (60) days after the termination of this litigation, a written certification to counsel for Defendants that all electronic media containing artifacts of information subject to this Second Protective Order have been sanitized or destroyed such that the information is irretrievable.

14. This Second Protective Order supersedes the Protective Order entered by the Court on July 20, 2009. *See* Doc. 95.

15. This Second Protective Order may be modified by the Court at any time

for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this 2nd day of May, 2011.

BY THE COURT:

_____
United States Magistrate Judge

# Attachment A

# Acknowledgment Form for Second Protective Order

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02698-WDM-KLM

AHMED ABDEL SATTAR,

    Plaintiff,

v.

ALBERTO GONZALES,
HARLEY LAPPIN,
HARRELL WATTS,
RONALD WILEY, and
JOHN DOES, FBI Agents,

    Defendants.

---

## ACKNOWLEDGMENT FORM FOR SECOND PROTECTIVE ORDER

---

    I, _____, acknowledge that I have read and understand the Second Protective Order ("Order") in this action. I agree to be bound by its terms.

    1.    I will use documents, materials and/or information designated as subject to the Order only for purposes of this litigation and not for any other purpose. I will not disclose any such documents, materials and/or information except to the following: (a) the Court; (b) the attorneys of record; (c) persons regularly in the employ of such attorneys; (d) any experts or consultants specifically retained for this case by the parties or their attorneys; (e) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this matter; and (f) the Plaintiff, except as restricted under paragraph 8 of the Order.

    2.    I agree that the documents and information marked "CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to paragraph 8 of the Order may not be disclosed to Plaintiff under any circumstances.

    3.    At the termination of this litigation or when I am no longer assigned or retained to work on this case, I will return all documents subject to the Order to counsel for Defendants, or to counsel for Plaintiff. Counsel for Plaintiff will, within thirty (30) days after the final termination of this litigation, either return such documents to counsel

for Defendants or destroy such documents. I (or Plaintiff's counsel) will provide, within sixty (60) days after the termination of this litigation, a written certification to counsel for Defendants affirming that any documents in my possession that contain information subject to the Order have been destroyed or returned to Defendants.

4.   Within sixty (60) days after termination of this litigation, I (or Plaintiff's counsel) will provide a written certification to counsel for Defendants affirming that all electronic media in my possession containing artifacts of information subject to the Order have been sanitized or destroyed such that the information is irretrievable.

5.   My duties herein shall survive the termination of this case and are binding upon me for all time. I consent to the personal jurisdiction of the Court for the purpose of enforcing the aforementioned Order.


Dated: _____          _____
                                      [signature]


                                      _____
                                      [print name]

2