IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02698-WDM-KLM

AHMED ABDEL SATTAR,

    Plaintiff,

v.

ERIC H. HOLDER, JR., Attorney General of the United States, in his official capacity,
HARLEY LAPPIN, Director of the Federal Bureau of Prisons, in his official capacity,
HARRELL WATTS, Administrator of National Inmate Appeals for the Federal Bureau of Prisons, in his official capacity,
BLAKE DAVIS, Warden, the United States Penitentiary-Administrative Maximum, in his official capacity,
UNKNOWN FBI AGENTS 1-5, in their official capacities,
MICHAEL NALLEY, Regional Director, North Central Region, in his official capacity, and
JOHN DOES 1-5, in their official capacities,

    Defendants.
_____

**ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion to Stay Discovery** [Docket No. 199; Filed June 14, 2011] (the "Motion to Stay") and **Unopposed Motion for an Extension of Time to Designate Expert Witnesses** [Docket No. 200; Filed June 14, 2011] (the "Motion for Extension"). Defendants state that they "will file a motion to dismiss all claims against them on or before June 23, 2011, the due date for responding to Plaintiff's Second Amended Complaint." *Motion to Stay* [#199] at 1-2. They seek a stay of discovery until this motion to dismiss is resolved.

Defendants contend that staying discovery is warranted whenever a motion to

dismiss based on the defense of sovereign immunity is pending. Defendants assert that while their motion to dismiss is not expressly based on the defense of sovereign immunity, the doctrine of sovereign immunity is implicated. Defendants explain that their motion to dismiss contends that Plaintiff has failed to plausibly plead his claims, and they argue that they are entitled to sovereign immunity from claims that are not plausibly pled. *See id.* at 6 (arguing that under the Administrative Procedure Act, 5 U.S.C. § 702, "there is no waiver of sovereign immunity where the plaintiff fails to state a claim"); *see also id.* at 5 (stating that "[s]overeign immunity applies even where the basis for asserting immunity arises in the context of a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6)"); *id.* (stating that "[s]overeign immunity shields government defendants from discovery where the complaint fails to state a claim"). Accordingly, Defendants argue that because they are entitled to sovereign immunity from Plaintiff's claims, the Court lacks jurisdiction to adjudicate the claims and must dismiss the case. Defendants further argue that even if the Court finds that they are not entitled to sovereign immunity, a discovery stay is appropriate because proceeding with discovery at this juncture would be wasteful. *See id.* at 11-12.

As an initial matter, the Court rejects Defendants' contention that they are entitled to sovereign immunity from Plaintiff's claims because the claims are not plausibly pled. "[S]overeign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (citations omitted). "Sovereign immunity is jurisdictional in nature." *Id.* (citations omitted). Thus, unless the government waives its immunity by consenting to be sued, courts lack subject-matter jurisdiction to adjudicate claims asserted against it. *United States v. Mitchell* ("*Mitchell II*"), 463 U.S. 206, 212 (1983)

("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). "A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." *United States v. Mitchell* ("*Mitchell I*"), 445 U.S. 535, 538 (1980) (internal quotation omitted). The terms of the government's "consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941).

In the Administrative Procedure Act, the federal government set forth the following waiver of sovereign immunity:

> A person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer of employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

5 U.S.C. § 702. "This waiver is not limited to suits under the Administrative Procedure Act." *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1233 (10th Cir. 2005) (citations omitted). It is broad enough to grant federal district courts "jurisdiction over claims by federal prisoners against federal prison officials seeking vindication of their constitutional rights under either 28 U.S.C. § 1331 or 28 U.S.C. § 1361." *Id.* at 1236.

In this case, Plaintiff claims that Defendants violated the rights guaranteed to him by the First and Fifth Amendments to the United States Constitution. *Second Amended Complaint* [Docket No. 197] at 26-30. He asserts that the Court has jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(4), 2201, and 2202 and 5 U.S.C. § 702, which is quoted above. *Id.* at 4. After reviewing Plaintiff's Second Amended Complaint,

the Court finds that there is no doubt that it has subject-matter jurisdiction over Plaintiff's claims. Defendants confuse the information that Plaintiff must plead to establish their waiver of sovereign immunity with respect to the *type* of claims he is asserting with the information that Plaintiff must plead to establish that his specific claims are facially plausible. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

A case cited by Defendants, *Simmat v. United States Bureau of Prisons*, 413 F.3d 1225 (10th Cir. 2005), illustrates this distinction. In *Simmat*, a prisoner plaintiff claimed that the Bureau of Prisons ("BOP") was violating the rights guaranteed to him by the Eighth Amendment by denying him dental care. 413 F.3d at 1228. The Court of Appeals for the Tenth Circuit found that the claim failed on its merits because the plaintiff had not exhausted his administrative remedies before filing it. *Id.* However, prior to making this finding, the Court of Appeals held that it had subject-matter jurisdiction over the claim because it was the type of claim for which the government had waived its sovereign immunity. *Id.*; *see also id.* at 1232 ("[Plaintiff]'s claim easily meets the basic requirements of federal question jurisdiction. [He] alleges that the defendants deprived him of adequate medical care by deliberate indifference to his serious dental needs. This claim arises directly under the Constitution."). The Court of Appeals understood what Defendants apparently do not: a court must determine whether it has subject-matter jurisdiction over a claim before it can determine whether that claim is viable on its merits. Doing otherwise would be putting the cart before the horse. The Court cannot, as Defendants request, consider the merits of Plaintiff's claims as part of its jurisdictional analysis. In short, it is not

improper for the Court to determine at the outset of a case that it has subject-matter jurisdiction over a claim that appears very likely to fail on its merits.

Accordingly, the fact that Defendants believe that Plaintiff's claims are facially implausible does not implicate the doctrine of sovereign immunity or the Court's jurisdiction over the claims. Thus, to the extent that Defendants seek a discovery stay on the grounds that they intend to raise a sovereign immunity defense, their request is denied.

Defendants also seek a discovery stay on the grounds that proceeding with discovery at this juncture might be wasteful. Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (unreported decision) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unreported decision) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (stating that a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action"); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that ordering

a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject-matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When exercising its discretion, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987) (unreported decision)).

In this case, it is not clear that staying discovery would not prejudice Plaintiff. The case is already more than three years old, and discovery becomes more difficult with the passage of time. The Court therefore finds that the first *String Cheese Incident* factor weighs against staying discovery.

With regard to the second factor, the Court finds that Defendants have not demonstrated that proceeding with the discovery process presents an undue burden. The Court therefore finds that the second *String Cheese Incident* factor weighs against staying discovery.

With regard to the third factor, it is certainly more convenient for the Court to stay

discovery until it is clear that the case will proceed.  See *Chavous*, 201 F.R.D. at 5 (noting that staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings]").  Disputes may arise during the discovery process that require resolution by the Court.  To resolve any such disputes, the Court will have to expend its time and limited resources.  If Defendants' motion to dismiss is granted, the Court's expenditure will be for naught.  Accordingly, the Court finds that the third *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the fourth factor, the only nonparties with significant particularized interests in this case are the approximately 20 to 30 other prisoners similarly situated to Plaintiff.  *See Second Amended Complaint* [#197] at 10, ¶ 32.  Accordingly, the fourth *String Cheese Incident* factor does not weigh strongly in favor of or against staying discovery.

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution.  Thus, the fifth *String Cheese Incident* factor does not weigh strongly in favor of or against staying discovery.

Weighing the relevant factors, the Court concludes that staying discovery is not appropriate at this juncture.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Stay [#199] is **DENIED**.

IT IS FURTHER **ORDERED** that the Motion for Extension [#200] is **GRANTED**.

IT IS FURTHER **ORDERED** that the deadline for the parties to designate affirmative expert witnesses is extended to **August 16, 2011**.

IT IS FURTHER **ORDERED** that the deadline for the parties to designate rebuttal expert witnesses is extended to **September 16, 2011**.

IT IS FURTHER **ORDERED** that the deadline for the completion of discovery is extended to **October 14, 2011**.

Dated:   June 16, 2011

BY THE COURT:

 s/ Kristen L.  Mix
Kristen L.  Mix
United States Magistrate Judge