IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-02698-PAB-KLM

AHMED ABDEL SATTAR,

      Plaintiff,

v.

ERIC H. HOLDER, JR., Attorney General of the United States, in his official capacity,
HARLEY LAPPIN, Director of the Federal Bureau of Prisons, in his official capacity,
HARRELL WATTS, Administrator of National Inmate Appeals for the Federal Bureau of
Prisons, in his official capacity,
BLAKE DAVIS, Warden, the United States Penitentiary-Administrative Maximum, in his
official capacity,
UNKNOWN FBI AGENTS 1-5, in their official capacities,
MICHAEL NALLEY, Regional Director, North Central Region, in his official capacity, and
JOHN DOES 1-5, in their official capacities,

      Defendants.

_____

## ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L.  MIX**

This matter is before the Court on the parties' **Joint Motion to Stay All Discovery Pending Order on Defendants' Motion to Dismiss Plaintiff's Second Amended and Supplemental Complaint [Dkt. 203]** [Docket No. 227; Filed December 8, 2011] (the "Motion").

The parties seek a discovery stay on the grounds that proceeding with discovery at this juncture would be wasteful.  Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL

-1-

1655362, at *1 (D. Colo. June 6, 2007) (unreported decision) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unreported decision) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (stating that a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action"); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject-matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When exercising its discretion, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in

either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery.  *String Cheese Incident*, 2006 WL 894955, at \*2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at \*2 (D. Kan. Aug. 6, 1987) (unreported decision)).

In this case, the parties agree that a stay will not prejudice either Plaintiff or Defendants, and that a stay will help the parties avoid unnecessary expenditures of time, money, and other resources until it is clear that some claims will survive the Motion to Dismiss [#203].  Based on these representations, the Court therefore finds that the first and second *String Cheese Incident* factors weigh in favor of staying discovery.

With regard to the third factor, it is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed.  *See Chavous*, 201 F.R.D. at 5 (noting that staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings]").  Disputes may arise during the discovery process that require resolution by the Court.  To resolve any such disputes, the Court will have to expend its time and limited resources.  If Defendants' motion to dismiss is granted, the Court's expenditure will be for naught.  Accordingly, the Court finds that the third *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the fourth factor, the nonparties with significant particularized interests in this case are the approximately 20 to 30 other prisoners similarly situated to Plaintiff.  *See Second Amended Complaint* [#197] at 10, ¶ 32.  The Court cannot, and does not, assume that these nonparties, who have not chosen to bring legal claims, will be adversely affected by a stay of discovery.  Accordingly, the fourth *String Cheese Incident*

factor does not weigh strongly in favor of or against staying discovery.

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution. No trial date has been set in this matter. However, this case was filed on December 27, 2007, and is thus already four years old. Thus, the fifth *String Cheese Incident* factor weighs against staying discovery.

Weighing the relevant factors, the Court finds that this is a close call but concludes that staying discovery is appropriate at this juncture. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#227] is **GRANTED**. All further discovery in this matter is **STAYED** pending resolution of Defendants' Motion to Dismiss [#203].


Dated:    December 22, 2011


BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge